UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRY L. CLARKSON**<br>**DOC #153730** | : | **CIVIL ACTION NO. 14-cv-740**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BURL CAIN** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Reconsideration [doc. 17], filed by Burl Cain ("respondent") to this court's Memorandum Order [doc. 13] directing service of the instant suit after initial review by the undersigned pursuant to 28 U.S.C. § 636. This suit arises from a writ of habeas corpus [doc. 4] filed pursuant to 28 U.S.C. § 2254 by petitioner Terry L. Clarkson ("petitioner"). The petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Louisiana State Penitentiary in Angola, Louisiana. He has not filed any opposition to the instant Motion and the time for doing so has passed. *See* Doc. 19.

The Motion to Reconsider is hereby **GRANTED**. After reconsideration, the undersigned determines that the initial review was correct and that the Memorandum Orders [doc. 13, 20] granting service and extending the time to answer remain in effect.

### I.
#### BACKGROUND

On November 26, 2007, the petitioner was indicted by a grand jury sitting in the Thirty-Sixth Judicial District, Beauregard Parish, on a capital charge of first-degree murder along with

conspiracy to commit first degree murder and five other non-capital felonies. *State v. Clarkson*, 86 So.3d 804, 810 (La. Ct. App. 3d Cir. 2012). On March 3, 2010, the petitioner filed a motion to quash the indictment on the grounds that the state failed to bring him to trial within two years of the indictment in violation of the time limit for trying non-capital offenses under Louisiana law. *Id.* The district court denied this motion. *Id.* The petitioner appealed the denial and the Louisiana Third Circuit Court of Appeal ruled that the non-capital charges had prescribed. *Id.* However, the Louisiana Supreme Court found that joinder of the offenses was permissible after the prosecution elected not to pursue the death penalty.[1] *State v. Clarkson*, 48 So. 3d 272, 273 (La. 2010) (per curiam). It concluded that the three-year time period to prosecute in capital cases applied to all of the charges as the case had begun as a capital prosecution which rendered joinder proper, meaning that there was still time to try the petitioner in a timely manner. *Id.* It therefore reversed the Third Circuit and ruled that the denial of the motion to quash had been proper. *Id.* Following a jury trial in the Thirty-Sixth Judicial District Court, the petitioner was convicted of second degree murder and four of the five non-capital offenses. *Clarkson*, 86 So.3d at 811.

The petitioner appealed his conviction and sentence to the Third Circuit Court of Appeal, raising several assignments of error through counsel and pro se. *Clarkson*, 86 So.3d at 811–12. Among these was the allegation that his rights under the Due Process and Equal Protection Clauses of the Constitution were violated when the trial court denied the motion to quash. *Id.* The Third Circuit reviewed this claim on the merits and determined that, under the law of the case, there was no error to the ruling. *Id.* at 817–18. The petitioner next sought review from the Louisiana Supreme

---

[1] In this ruling the court noted that the joinder of the capital offense with the five other counts "was improper at the outset." *Clarkson*, 48 So.3d at 273. It remarked, however, that "[the] defendant did not move immediately to quash the indictment on grounds of misjoinder of offenses . . . and the state thereafter elected to forego capital punishment on the count of first degree murder. The election had the effect of rendering joinder of the offenses proper . . . ." *Id.*

Court, which review was denied. *State v. Clarkson*, 98 So.3d 826 (La. 2012). He did not seek review from the United States Supreme Court. Doc. 4, p. 3.

The petitioner then filed an application for post-conviction relief in the Thirty-Sixth Judicial District Court on January 4, 2013. Doc. 4, att. 3, pp. 57–62. He claimed ineffective assistance of counsel based on his attorney's failure to move to quash the indictment for misjoinder of offenses, referencing the Louisiana Supreme Court's remarks provided supra note 1. *Id.* at 59–61. The district court dismissed the claim pursuant to Article 929 of the Louisiana Code of Criminal Procedure, which allows for summary dismissals of applications for post-conviction relief. Doc. 4, att. 2, p. 1; *see* LA. C. CRIM. P. art 929. The petitioner appealed to the Louisiana Third Circuit Court of Appeal which upheld the dismissal. Doc. 4, att. 2, p. 2. He then sought review at the Louisiana Supreme Court, which review was denied. *State ex rel. Clarkson v. State*, 132 So.3d 406 (La. 2014).

The petitioner filed the instant petition, arguing (1) trial court error in failing to grant his March 2010 motion to quash and (2) ineffective assistance of counsel due to failure to file a motion to quash the indictment immediately due to misjoinder of offenses. Doc. 4, att. 1, pp. 8–17.

## II.
### LAW & ANALYSIS

Federal courts should entertain an application for a writ of habeas corpus by a person in state custody "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Furthermore, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the district court to dismiss petitions sua sponte "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal habeas review does not

encompass a state court's interpretation of its own law. *Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986).

Here the respondent urges this court to reconsider its initial review and decision to grant service of the petition on the ground that federal habeas relief is not available on questions of state law. However, ineffective assistance claims are cognizable on federal habeas review as long as they relate to a stage in the proceedings in which the petitioner had a constitutional guarantee to counsel. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 1:61 (2015). This circuit has held that the right to counsel "attaches upon the initiation of judicial proceedings." *United States v. Laury*, 49 F.3d 145, 150 (5th Cir. 1995). Therefore it appears that the petitioner has a cognizable claim based on counsel's failure to file a motion to quash the indictment for misjoinder. *See* note 1, supra.

As to the second claim, the petitioner raised his right to due process and a speedy trial under the Constitution as part of his challenge to the trial court's ruling. These assertions make the claim cognizable on federal habeas review. *See Lewis v. Warden, Winn Corr. Ctr. et al.*, 2014 WL 970197, *5–*6 (W.D. La. Mar. 12, 2014) ("[F]ederal consideration of a claim that a state has violated its own speedy trial rules is limited to a determination of whether the state's action has violated [p]etitioner's constitutional right to a speedy trial or to due process.") Additionally, the Fifth Circuit holds that post-indictment delays in trying a case of one year or more are "presumptively prejudicial" and require a reviewing court to conduct a speedy trial analysis balancing the length of the delay against other factors. *United States v. Cardona*, 302 F.3d 494, 497 (5th Cir. 2002). Here the delay was over two years. Accordingly, this claim also cognizable.

## III.
### CONCLUSION

For reasons provided above, both of the petitioner's claims pass initial review. The Memorandum Orders [docs. 13, 20] granting service of process and extending the respondent's deadline to answer the petition remain in effect.

THUS DONE AND SIGNED in Chambers this 2nd day of March, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE