UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRY L. CLARKSON** | : | **DOCKET NO. 14-cv-740** |
| **D.O.C. # 153730** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **BURL CAIN** | : | **MAGISTRATE JUDGE KAY** |

REPORT AND RECOMMENDATION

Before the court is a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Terry L. Clarkson ("petitioner") [doc. 4]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. Burl Cain ("respondent"), former warden, has responded. Doc 24.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

*A. Conviction*

On November 26, 2007, the petitioner was indicted by a grand jury sitting in the Thirty-Sixth Judicial District, Beauregard Parish, Louisiana, on a capital charge of first-degree murder

along with conspiracy to commit first degree murder and five other non-capital felonies. Rec., pp. 76–78.

On March 3, 2010, the petitioner filed a motion to quash the indictment on the grounds that the state failed to bring him to trial within two years of the indictment in violation of the time limit for trying non-capital offenses under Louisiana law. *Id.* at 861–63. The district court denied this motion. *Id.* at 1212–1224. The petitioner appealed the denial and the Louisiana Third Circuit Court of Appeal ruled that the non-capital charges had prescribed. *Id.* at 2610–19 (application for supervisory writ); *id.* at 2724 (Third Circuit ruling). The state then sought review in the Louisiana Supreme Court which found that joinder of the offenses was permissible after the prosecution elected not to pursue the death penalty.[1] *State v. Clarkson*, 48 So. 3d 272, 273 (La. 2010) (per curiam). It concluded that the three-year time period to prosecute in capital cases applied to all of the charges as the case had begun as a capital prosecution which rendered joinder proper, meaning that there was still time to try the petitioner in a timely manner. *Id.* It therefore reversed the Third Circuit and ruled that the denial of the motion to quash had been proper. *Id.*

Following a jury trial in the Thirty-Sixth Judicial District Court, the petitioner was convicted of second degree murder and four of the five non-capital offenses. *Id.* at 72–73.

### B. Direct Appeal

The petitioner appealed his conviction and sentence to the Third Circuit Court of Appeal, raising several assignments of error through counsel and pro se. *State v. Clarkson*, 86 So.3d 804, 811–12 (La. Ct. App. 3d Cir. 2012).Among these was the allegation that his rights under the Due Process and Equal Protection Clauses of the Constitution were violated when the trial court denied

---

[1] In this ruling the court noted that the joinder of the capital offense with the five other counts "was improper at the outset." *Clarkson*, 48 So.3d at 273. It remarked, however, that "[the] defendant did not move immediately to quash the indictment on grounds of misjoinder of offenses . . . and the state thereafter elected to forego capital punishment on the count of first degree murder. The election had the effect of rendering joinder of the offenses proper . . . ." *Id.*

the motion to quash. *Id.* The Third Circuit reviewed this claim on the merits and determined that, under the law of the case, there was no error to the ruling. *Id.* at 817–18. The petitioner next sought review from the Louisiana Supreme Court but review was denied on September 28, 2012. *State v. Clarkson*, 98 So.3d 826 (La. 2012). He did not seek review from the United States Supreme Court. Doc. 4, p. 3.

### C. Post-Conviction Relief

The petitioner then filed an application for post-conviction relief in the Thirty-Sixth Judicial District Court on January 4, 2013. Doc. 4, att. 3, pp. 57–62. He claimed ineffective assistance of counsel based on his attorney's failure to move to quash the indictment for misjoinder of offenses, referencing the Louisiana Supreme Court's remarks provided supra note 1. *Id.* at 59–61. The district court dismissed the claim pursuant to Article 929 of the Louisiana Code of Criminal Procedure, which allows for summary dismissals of applications for post-conviction relief. Doc. 4, att. 2, p. 1; *see* LA. C. CR. P. art 929. The petitioner sought review with the Louisiana Third Circuit Court of Appeal which upheld the dismissal. Doc. 4, att. 2, p. 2. He then sought review at the Louisiana Supreme Court but his request was denied February 14, 2014. *State ex rel. Clarkson v. State*, 132 So.3d 406 (La. 2014).

### D. Federal Habeas Petition

The petitioner filed the instant petition[2] on April 28, 2014,[3] arguing (1) trial court error in failing to grant his March 2010 motion to quash and (2) ineffective assistance of counsel due to failure to file a motion to quash the indictment immediately due to misjoinder of offenses. Doc. 4,

---

[2] The petitioner had previously filed a document titled "Notice of Intent" with this court on April 1, 2014, informing us of his intent to seek federal habeas relief and excusing his failure to file such notice within 30 days of the Louisiana Supreme Court's last ruling. Doc. 1. However, this court requires no such notice prior to the filing of a *habeas* petition.
[3] A habeas petition by a pro se inmate is considered filed, for the purposes of judging its timeliness *infra*, when the inmate delivers the papers to prison authorities for submission. *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Here the instant petition was received by this court on April 30, 2014, but the petitioner declares that he submitted the instant petition on April 28, 2014. Doc. 4, att. 1, p. 18. Accordingly, April 28 is the effective date of filing.

att. 1, pp. 8–17. The respondent filed a Motion for Reconsideration, alleging that these claims were questions of state law and thus not cognizable under federal habeas review. Doc. 17. This court disagreed, noting that the petitioner's claims were both based on alleged constitutional violations long recognized in habeas jurisprudence. Doc. 21.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

*A. Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were

pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

#### 1. *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[4] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for

---

[4] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 123 S.Ct. 362, 365 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient

for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 126 S.Ct. 969, 975 (2006).

### III.
#### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness*

Here the petitioner's conviction became final when his time for seeking review by the United States Supreme Court expired. The Supreme Court holds that a petition for a writ of certiorari must be filed within 90 days of the judgment of the last reviewing court. *See* Sup. Ct. R. 13. Therefore the one year limit for filing this petition began to run on **December 28, 2012**. Thus **seven days** accrued before the petitioner filed his state application for post-conviction relief on **January 4, 2013**. The time limit remained tolled until the judgment of the Louisiana Supreme Court on **February 14, 2014**, allowing an additional **73 days** to accrue before the filing of the instant petition on **April 28, 2014**. Accordingly, only **80 days** have run against the one-year limit and the instant petition is timely.

### B. Exhaustion of State Court Remedies and Procedural Default

Both of the claims raised in the instant petition were raised in the state courts and decided on the merits.[5] The respondent argues, however, that the first claim was not exhausted because the Motion to Quash was made and reviewed only on state law grounds. The original application for a supervisory writ only argues on state law grounds. Rec., p. 2610–19. The petitioner's brief on direct appeal states that denial of the Motion to Quash resulted in a denial of his Equal Protection and Due Process rights. *Id.* at 3341. However, as respondent asserts, the substance of the argument is premised on state law and the only federal basis asserted is that the trial court ruled inconsistently. *Id.* at 3341–45. Only in the instant petition does the petitioner raise his right to a speedy trial. Doc. 4, att. 1, p. 9.

As noted above, a petitioner must fairly present the substance of his federal claims to the state courts in order to satisfy the exhaustion requirement. General appeals to broad constitutional guarantees are insufficient to exhaust a claim. *Gray v. Netherland*, 116 S.Ct. 2074, 2081 (1996). The petitioner only made vague references to broad constitutional rights in his state court proceedings and entirely omitted his argument based on his constitutional right to a speedy trial. Accordingly, the arguments presented to the state courts are insufficient to exhaust the petitioner's federal claim. As the petitioner would now be time-barred from presenting this claim for state review, it is subject to technical procedural default.

A procedural default may still be avoided, however, if the petitioner can show cause and resulting prejudice for his default or demonstrate that the federal court's failure to review the

---

[5] The district court cited LA. C. CR. P. art. 929(A) in denying the petitioner's application for post-conviction relief. Though this article is part of the Louisiana Code of Criminal Procedure, it merely allows for summary disposition of claims "[i]f the court determines that the factual and legal issues can be resolved based upon the application and answer, and supporting documents . . . ." Therefore it operates as a decision on the merits and not a procedural bar to review.

defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause, the petitioner must show that some external, objective factor impeded his efforts to raise the claim in a procedurally proper manner. A finding of fundamental miscarriage of justice, on the other hand, depends on a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 106 S.Ct. 2616, 2627 (1986). The factual innocence standard means that the petitioner must show a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tex. 1997).

Here the petitioner had the opportunity to make this showing in his reply. He offers only a self-serving assertion that he is actually innocent of the offense. Doc. 26, pp. 4–5. This is not enough to satisfy the high standard set forth above. Accordingly, the first claim is procedurally defaulted.

### C. Substantive Analysis

Having determined which claims are timely, exhausted, and not subject to procedural default, we consider the remaining viable claim under the standards set forth above.

The petitioner contends that he was denied his constitutional right to counsel when his attorney failed to file a motion to quash the indictment based on misjoinder of charges. Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). Under *Strickland*, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict. *Id.* at 2064. This standard does not require perfect assistance by counsel; rather, petitioner

must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* Judges have been cautioned towards deference in their review of attorney performance under *Strickland* claims in order to "eliminate the potential distorting effect of hindsight." *Rector v. Johnson*, 120 F.3d 551, 563 (5th Cir. 1997) (quoting *Strickland*, 104 S.Ct. at 1065). The resulting prejudice must also be so great that it creates a substantial likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011). A petitioner must meet both of *Strickland*'s prongs in order to show a basis for federal habeas relief. *Id.*

The petitioner alleges that his trial counsel exhibited deficient performance by failing to "immediately" file a motion to quash based on misjoinder of offenses. Doc. 4, att. 1, p. 12. Here, as we noted in our earlier review, the Louisiana Supreme Court determined that the prosecutor's joinder of the capital and non-capital offenses "was improper at the outset" and implied that a motion to quash should have been granted if made immediately. *Clarkson*, 48 So.3d at 273. The court also noted that the misjoinder was cured when the state elected not to seek capital punishment on the first degree murder charge. *Id.*

Even if we assume that the failure to file the motion was sufficiently deficient performance,[6] the petitioner fails to show that this error resulted in adequate prejudice to his case. The petitioner argues that his attorney's failure resulted in the state having extra time to prepare, under the three-year limit for trying capital offenses rather than the two-year limit for non-capital offenses. As the Louisiana Supreme Court noted, even "the state's election to forego capital punishment did not change the time period for bringing the charge of first degree murder to trial .

---

[6] An immediate quashing of the indictment would have still allowed the state to re-indict the petitioner and try him separately on the non-capital offenses, and the petitioner fails to establish how this outcome would have been more favorable for the defense.

. . ." *Id.* Therefore the prejudice that resulted was only the extra time allowed in preparing to try the other counts of the indictment.

The petitioner presents no specifics as to how the extra time gave the state an advantage. He identifies no witnesses or evidence located in that time. Furthermore, he notes that his own counsel, as head of the Public Defender's Office, had an excessive caseload during the time he represented petitioner. Doc. 4, att. 1, p. 15. Therefore it seems likely that the extra time to prepare provided equal, if not greater, benefit to the defense. Accordingly, the petitioner has not shown that he is entitled to relief under this claim.

## IV.
### CONCLUSION

For the reasons stated above, the undersigned concludes that the petitioner is not entitled to federal habeas relief.

Accordingly, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 28 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE